BINNS, (UTTERBACH v.) See Case No. 16,-809.

━━━━━━

## Case No. 1,423.

BINNS et al. v. WILLIAMS.

[4 McLean, 580.][1]

Circuit Court, D. Michigan. June Term, 1849.

FEDERAL COURTS—FOLLOWING STATE PRACTICE—ATTACHMENT.

1. An attachment issued under a state law which has not been adopted by congress, or by a rule of court, can not be sustained.

2. The acts of congress adopting the state practice, do not adopt future regulations.

[See Ross v. Duval, 13 Pet. (38 U. S.) 45.]

[At law. Action by Binns and Halsted against E. S. Williams. Defendant moves to quash an attachment. Motion granted.]

Davidson & Holbrook, for plaintiffs.

Mr. Douglass, for defendant.

OPINION OF THE COURT. This is a suit commenced by attachment, issued January 24th, 1848, and founded upon an affidavit that the defendant had assigned, disposed of, or concealed his property, with intent to defraud his creditors. The defendant appeared and pleaded to the declaration; and, a motion is now made to quash the attachment, on the ground that the court has no jurisdiction over this form of remedy. There was no law in force in Michigan, providing for the remedy by attachment in such a case as that made by the affidavit, until the Revised Statutes of 1846, [p. 513,] which did not take effect until the 1st of March, 1847. It is clear that the attachment law of 1846 has not been adopted by the act of congress of May 19th, 1828, [4 Stat. 278,] and August 1st, 1842, [5 Stat. 499, c. 109,] as those acts were not prospective. Nor has there been any rule for this court adopting it. The acts of the state regulating the process of this court are only in force by the adoption of congress, or by rules of the court. It is probable that this proceeding was commenced under the amendatory attachment act [No. 115, §§ 44, 53] of 1839, [pages 230, 233.] That provides that an attachment may issue on filing an affidavit, "that the defendant is about to as-

━━━━━━

[1] [Reported by Hon. John McLean, Circuit Justice.]

sign or dispose of any of his property," and not that he has already assigned, or disposed of any of his property, or that he has concealed or is about to conceal any of his property, as is stated in the affidavit of this case. But if this act would be considered as having been adopted by the act of 1842, its provisions could not be carried into effect by this court. That law is, somewhat, in the nature of an insolvent law, providing that all the creditors of the defendant may become parties to the attachment and that the proceeds of the attached property may be divided ratably between them. Now it would seem, as between citizens of this state, and perhaps others, that the jurisdiction of this court could not be exercised. On the part of the plaintiff it is contended that it is too late to take this objection after a plea to the merits. There would be force in this objection if the jurisdiction was apparent upon the face of the proceedings. But here is a proceeding instituted under a late law of the state, which seems not to have been so adopted as to authorize, in this court, the procedure instituted. The attachment is dismissed.